# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10CR33 HEA |
| | ) | |
| DAVID WAYNE SCHMIDT, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on motion filed by Defendant David Wayne Schmidt ("Defendant") for review of his sentence. [Doc. 31. The Court directed the Government to respond to his motion. The United States files the response on October 13, 2015. [Doc. 33].

## Background

A Grand Jury sitting in the Eastern District of Missouri returned an indictment against the Defendant charging him in Count I with receipt of child pornography in violation of 18 U. S. C. § 2242A(a)(2); and in counts II and III possession of child pornography in violation of 18 U.S.C. § 2242A(a)(5)(B). Defendant entered into a plea of guilty as to Count I and the Government dismissed Counts II and III at the time of sentencing.

The presentence investigation report applicable to the Defendant noted his Total Offense Level was 30. His Criminal History Category was I. The correlating advisory guideline range of punishment was 97 – 121 months. Defendant was sentenced at the very low end of his guideline range, 97 months.

Defendant did not take an appeal from his conviction or sentence and he has never filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255.

## THE CLAIM

Defendant asserts in his motion that "the United States and the United States District Court have violated Due Process of Law in this case, thus producing a VOID federal judgment of conviction and an unlawful sentence." He contends that this Court has jurisdiction to correct his "unlawful" sentence pursuant to 18 U.S.C. § 3742(a)(1) and Fed.R.Crim.P., Rule 52(b). *Id*. Defendant states the Government particularly, the FBI, has engaged in outrageous government conduct by possessing, distributing and receiving child pornography, as well as enticing people to "commit sexual activity" and participating in "supporting the national market for CP by operating and/or facilitating the operations of companies" like LimeWire and Orange Bill Credit Processing Co. *Id*. at 1-2. He argues that the Government has engaged in this outrageous government conduct in an effort to "bolster the national market for Child Pornography," thus producing a "perpetual

supply of federal cases." As this activity on the part of the federal government, according to Defendant, is a violation of Due Process resulting in the prosecution of "otherwise INNOCENT American Citizen[s]," Defendant requests that the Court review and correct his sentence. *Id.* at 2.

The claim that the Government's investigation of child pornography cases somehow perpetuates the creation and distribution of child pornography and causes innocent people to be convicted is specious at best and paranoid. In addition the Defendant admitted his guilt o the charge of receipt of child pornography and admitted the facts supporting the charge.

There is no relief available for Defendant under 18 U.S.C. § 3742. Under section 3742 a defendant "may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence … was imposed in violation of law." Pursuant to Federal Rule of Appellate Procedure 4(b)(1)(a), "a defendant's notice of appeal must be filed in the district court within 14 days of the days" of the judgment. Defendant was sentenced in 2010. Clearly 14 days have elapsed since the entry of sentence and judgment against this Defendant. This court is therefore without the ability to afford any relief to the Defendant and the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Review of Sentence [Doc. No. 31], is **DENIED.**

Dated this 22nd day of October, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE